### PEOPLE v. STONE.

(Supreme Court, Appellate Division, Second Department.    March 11, 1908.)

1. CRIMINAL LAW—ARGUMENT OF COUNSEL.
   A degree of liberty is allowed counsel respecting their line of argument and the inferences to be drawn from the evidence which the trial judge should respect, unless the facts of the case are overstepped or arguments used plainly abusing the privilege, and a conviction should not be reversed for the trial court's failure to interfere in the argument, unless it was plainly unwarranted and so improper as to be clearly prejudicial.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1663–1687.]

2. SAME — OPENING STATEMENT FOR PROSECUTION — INFERENCE FROM FACTS STATED.
   In a trial for larceny committed by confidence men, the district attorney's statement in his opening argument that when arrested they were at a railway station, and "it is fair inference that they were waiting for some other victim to come along. I say it is an inference; but they're waiting at the train there," was not prejudicial to defendant, and did not deny him his constitutional right to a fair trial.

3. SAME—EVIDENCE—ACTS OF CONSPIRATORS—ADMISSIBILITY.
   Where, in a larceny trial, the evidence showed prima facie a confederation by defendant and two others to obtain the victim's money by trick or fraud, it was proper to admit testimony of transactions between the victim and the other confederates in defendant's absence.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 989, 990.]

4. SAME—ORDER OF PROOF—DISCRETION OF COURT.
   The order of proof is within the sound discretion of the trial court.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1609.]

Appeal from Kings County Court.

Edward Stone was convicted of grand larceny, and he appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

George C. O'Brien, for appellant.

Peter P. Smith (John F. Clarke, Dist. Atty., on the brief), for the People.

HOOKER, J. The appellant, Stone, was indicted jointly with one Simmons and one Myers for grand larceny in the first degree. Simmons and Stone demanded separate trials. They were both convicted, and Simmons' appeal has likewise been argued and is

decided herewith. The same points that were raised in behalf of the appellant in the case of People v. Simmons, 109 N. Y. Supp. 190, are urged in behalf of the appellant here. In the main, our disposition of the points made in the Simmons Case controls here. There are, however, some points of difference between the two cases which, perhaps, will justify a separate treatment of this case.

The opening remarks of the district attorney were substantially the same in both cases, and differed only in two main particulars: First, in the case at bar the district attorney did not refer to the paper which Stone tore up upon his arrest, nor to letters found in his possession; and, second, the district attorney, having come to the point in his opening where the money was stated to have been taken from Arnold, the prosecuting officer stated this in the case at bar, which he omitted in the Simmons Case:

"He walked outside; Simmons gets away; the steerer gets away as though the ground opened, and he vanished; and the old man is left down there all alone. He then contemplated suicide. The old fellow does not know what to do; his fortune practically gone. But he then turns to the police, and two men, Detective Sergeants Bushby and Hughes, are put on the case. They go down to Coney Island. They look the ground over for some time. These fellows are hiding out of the way. In about two weeks' time they show up, supposing the old man had gone to the other side. He appears down there with the detective sergeants, and this fellow and Simmons are waiting at the train there where the cars come in; and it is fair inference they are waiting for some other victim to come along. I say it is an inference; but they're waiting at the train there. Myers has not been found from that day to this."

At the close of the district attorney's opening the learned counsel for the defendant took numerous exceptions to statements made by that officer. These exceptions in the main addressed themselves to statements of conversations and transactions in the absence of the defendant Stone, which the district attorney expected to prove. The defendant also excepted to the statement "that Simmons and Stone were waiting at the train, and the fair inference was they were waiting for some other victim." The defendant did not except to the statement of the district attorney that the prosecuting witness, Arnold, contemplated suicide. The cases differ in this, also, that here the court did not instruct the jury to disregard the statement in relation to Arnold's committing suicide or in relation to the probability of Simmons and Stone waiting for some other victim; nor, indeed, was the court asked to do so by the defendant.

It is only necessary, therefore, to add to what was said in the Simmons Case in relation to the charge to the jury our observation in relation to the statement that Simmons and Stone were waiting probably for another victim. The district attorney did not assume to state this as a fact, but merely as an inference, and then emphasized the way in which he viewed it by repeating, "I say it is an inference that they were waiting at the train there." It is true that there is a degree of liberty allowed to counsel in a criminal case, whether for the people or the accused, in respect to the line of argument they shall pursue, and the inferences to be drawn from the evidence, which the trial judge should respect, unless the facts of the case are overstepped or arguments used which plain-

ly abuse the privilege; and a reviewing court should not reverse a judgment because of the refusal of the trial court to interfere with an argument of counsel, unless it was plainly unwarranted and so improper as to be clearly injurious to the accused. It was said in the Simmons Case that in cases of larceny by scheme, trick, or device even proof of the commission of similar crimes has been held competent on the question of motive and intent. It seems to us that the learned district attorney probably had that rule in mind when he invited the attention of the jury to the inference he was inclined to draw from the presence of the defendants at the railroad station at the time they were arrested. It is doubtless true that proof of subsequent crimes of a similar nature would not have been material; but the district attorney did not assert that they were detected in the commission of another crime. He merely referred to his belief as an inference from the fact he stated. We feel convinced that this statement was not prejudicial to the defendant, nor did it deny him his constitutional right of a fair trial.

By numerous exceptions the defendant also raised the question whether it was material to admit in evidence testimony of transactions between the prosecuting witness Arnold, and Myers, and between Arnold, Myers, and Simmons in the absence of the defendant. We think that before the evidence was finally closed sufficient was established to show prima facie a case of confederation by Simmons, Stone, and Myers for obtaining Arnold's money by trick, device, or fraud, and hence there was no error in the rulings to which exception was taken. For the jury were justified in finding that Stone's connection with the transaction was that of a confederate with Myers and Simmons; the evidence was sufficient to show that Stone was found in the hotel at Coney Island, when Myers and Arnold reached there in the first place; that he falsely represented himself as proprietor; that he was in and out of the private room there, on both the first and the second occasions of Arnold's visit; that when appealed to by Simmons he declared Arnold's letter of credit good as gold, and Myer's draft he characterized in the same way; it was he who presented for signature the paper declaratory of the fact that Myers, Arnold, and Simmons, had agreed to a gambling transaction; and it was he who, later, acted as amanuensis for Myers, when the latter expressed a desire to communicate by mail with his bankers in San Francisco, directing them to forward the sum of $2,000 to Arnold in Germany; and, lastly, he disappeared after Arnold's money had been taken from him, as did Simmons and Myers. The order of proof, as we held in the Simmons Case, was within the sound discretion of the court; and the exceptions of the defendant on this branch of the case therefore present no error.

The judgment should be affirmed. All concur.